Mr. Jim C. Pledger Commissioner, Division of Revenue Department of Finance and Administration P.O. Box 1272 Little Rock, AR 72203
Dear Mr. Pledger:
This is in response to your opinion request wherein you asked the following questions concerning the stay of garnishment proceedings against a legislator pursuant to Ark. Code Ann. 16-63-406 (1987):
 1. Does the stay apply only to garnishment or execution of the Legislator's money received from the State of Arkansas or may other assets of the Representative be garnished?
2. Does the Stay apply to jointly held property?
3. Does the stay extend to a spouse of the Legislator?
4. Does the stay apply to all creditors of the Legislator?
 5. Does the stay apply to foreclosure actions as well as garnishment and execution?
 6. Is it necessary for the member of the General Assembly to request the Court for the stay or may the Legislator invoke the stay without court approval?
Dispositive of your first, second, fourth and fifth questions is Ark. Code Ann. 16-63-406(a)(1) (1987) which provides in pertinent part as follows:
 . . . any and all proceedings and suits pending in any of the courts of this state in which the Lieutenant Governor or any member of the General Assembly or clerk or sergeant at arms or doorkeeper of either branch of the General Assembly is a party, shall be stayed for not less than fifteen (15) days preceding the convening the General Assembly, and for thirty (30) days after its adjournment, sine die. . .
This statutory provision stays "any and all proceedings and suits" brought against a legislator regardless of the assets or creditors involved, the type of action, or with whom title to property may be held.
With respect to your third question, there is no provision in the statute which would allow a spouse of a legislator to stay proceedings or suits pending against them individually.
Pertinent to your final inquiry are subsections (a)(2) (3) of Ark. Code Ann. 16-63-403 (1987), to-wit:
(2) The motion for a continuance need not be reduced to writing.
 (3) It is not necessary that notice be afforded to opposing counsel that a continuance is sought.
A legislator is entitled to a stay under the statute as a matter of law. There is no discretion on the part of the court. A legislator need not appear in court to request a stay. Opposing counsel is not afforded an opportunity under the statute to dispute any requested continuance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General C. Randy McNair, III.